62-CV-18-861
Filed in Second Judicial District Court
3/19/2018 3:37 PM
Ramsey County, MN

TATE OF MINNESOTA

COUNTY OF RAMSEY

DISTRICT COURT

SECOND JUDICIAL DISTRICT
Court File No.: 62-CV-18-861
Case Type: Other Contract

CM Construction Company, Inc.,

      Plaintiff,

vs.

State of Minnesota, Department of Military
Affairs,

      Defendant.

**ANSWER AND COUNTERCLAIMS
OF DEFENDANT MINNESOTA
DEPARTMENT OF MILITARY AFFAIRS**

Defendant State of Minnesota, Department of Military Affairs ("State") for its Answer to the Complaint ("Complaint") in this matter, hereby states, admits, denies, and alleges as follows:

1.    Denies each and every allegation in the complaint, except as specifically admitted or otherwise responded to in this Answer.

2.    Admits the allegations in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, and 9 of the Complaint.

3.    Admits the allegation in paragraph 10 of the Complaint that Plaintiff CM Construction Company, Inc. ("CMC") performed work on the Pond, but denies that CMC's work was in accordance with the Construction Documents. The State affirmatively alleges CMC never constructed the Pond as designed within the Construction Documents. Admits that the Pond failed to perform as constructed by CMC. Denies all other allegations in paragraph 10 of the Complaint.

4.    Admits the allegations in paragraph 11 of the Complaint that CMC performed additional work on the Pond after CMC initially constructed the pond incorrectly. Denies that

EXHIBIT 2

CMC's additional work attempted to comport with the Pond design contained in the Contract Documents. Denies all other allegations in paragraph 11 of the Complaint.

5.  Admits the allegations in paragraph 12 of the Complaint that the Pond continued to fail despite CMC's additional work, but denies that CMC ever built the Pond as designed. Denies all other allegations in paragraph 12 of the Complaint.

6.  Admits the allegations in paragraph 13 of the Complaint.

7.  Lacks sufficient information to either admit or deny the allegations in paragraph 14 of the Complaint and so denies them.

8.  Admits the allegations in paragraph 15 of the Complaint.

9.  As to the allegations in paragraph 16 of the Complaint, realleges the responses to paragraphs 1 through 15.

10.  Admits the allegations in paragraphs 17 and 18 of the Complaint.

11.  Denies the allegations in paragraph 19 of the Complaint to the extent that they misstate or mischaracterize Minnesota law.

12.  Lacks sufficient information to either admit or deny the allegations in paragraph 20 of the Complaint and so denies them.

13.  Denies the allegations in paragraph 21 of the Complaint.

14.  Admits the allegations in paragraph 22 of the Complaint that CMC submitted change order requests and general contractor pricing requests but denies that the State's denial of those requests was wrongful. Denies all other allegations in paragraph 22 of the Complaint.

15.  Denies the allegations in paragraphs 23, 24, and 25 of the Complaint.

16.  As to the allegations in paragraph 26 of the Complaint, realleges the responses to paragraphs 1 through 25.

62-CV-18-861    Filed in Second Judicial District Court
3/19/2018 3:37 PM
Ramsey County, MN

17.    Denies the allegations in paragraph 27 of the Complaint and its subparts to the extent that they misstate or mischaracterize Minnesota law or misstate or mischaracterize language in the contract.

18.    Denies the allegations in paragraph 28 of the Complaint.

19.    Admits the allegations in paragraph 29 of the Complaint that CMC submitted change order requests and general contractor pricing requests but denies that the State's denial of those requests was wrongful.  Denies all other allegations in paragraph 29 of the Complaint.

20.    Denies the allegations in paragraphs 30, 31, and 32 of the Complaint.

21.    As to the allegations in paragraph 33 of the Complaint, realleges the responses to paragraphs 1 through 32.

22.    Denies the allegations in paragraphs 34, 35, and 36 of the Complaint.

23.    As to the allegations in paragraph 37 of the Complaint, realleges the responses to paragraphs 1 through 36.

24.    As to the allegations in paragraph 38 of the Complaint, the referenced statute speaks for itself and denies the allegations to the extent that they misstate or mischaracterize the statute.

25.    As to the allegations in paragraph 39 of the complaint, denies that the State has refused to pay CMC any sums that it is entitled to be paid in accordance with terms of the Contract.

26.    Denies the allegations in paragraphs 40 and 41 of the Complaint.

27.    Alleges that the remaining paragraphs of the Complaint contain CMC's prayer for relief for which no response is necessary and denies that CMC is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1.      CMC's complaint fails to state claims against the State upon which relief can be granted.

2.      CMC did not satisfy all conditions precedent required for its claims.

3.      The State has sovereign immunity to equitable claims including the claims for quantum meruit and unjust enrichment pleaded in CMC's Complaint.

4.      CMC's claims are barred by applicable statutes of limitation.

5.      CMC's claims are barred by accord and satisfaction.

6.      CMC's claims are barred to the extent they are caused by acts or omissions of CMC.

7.      CMC failed to mitigate some or all of its alleged damages.

8.      The relationship between CMC and the State with regard to the matters at issue in this lawsuit is governed by contract such that CMC may not maintain equitable claims, including claims for unjust enrichment and quantum meruit.

9.      CMC's claimed damages are too speculative and remote to recover in this lawsuit.

10.     To the extent that any action by the State allegedly delayed CMC's work, any such delay was concurrent with non-excusable delay caused by or within the control of CMC, such that any action by the State that allegedly delayed CMC's work would not entitle CMC to an extension of time or any additional payment.

11.     The State hereby asserts any other matter that may be an affirmative defense to CMC's claims, including, but not limited to, all available immunities.

62-CV-18-861
Filed in Second Judicial District Court
3/19/2018 3:37 PM
Ramsey County, MN

## COUNTERCLAIMS

For counterclaims against plaintiff CMC, the State alleges as follows:

1.      On or about September 29, 2014, the State and CMC entered into a contract ("the Contract") for a project ("the Project") that included construction of a Readiness Center in Stillwater, Washington County, Minnesota.

2.      On October 22, 2014, Notice to Proceed was given to CMC.

3.      The Contract required substantial completion 540 days after notice to proceed such that, as of October 22, 2014 the substantial completion date was to be April 14, 2016.

4.      The Contract included, incorporated by reference, and required performance in conformity with various documents, including specifications, shop drawings, permits, and regulations.

5.      As part of construction of the Project during construction of the infiltration basin to handle storm water, CMC over-excavated the hole for the basin down to elevation 899.00, which is approximately 6.50 feet deeper than allowed in the contract.  CMC therefore did not construct the infiltration basin in conformity with note 2 on Detail 3 of CT501 of the Contract. The State made CMC aware of this defect and CMC failed to correct it.

6.      As part of construction of the Project during construction of the exterior wall, CMC failed to install proper sealing at the rigid insulation panel joints.  CMC, therefore, did not construct the joints in the insulation in conformity with spec section 07-2100, 3.02.B of the Contract.   CMC's efforts to correct this defect negatively impacted CMC's ability to substantially complete its work by the date of substantial completion required by the Contract.

7.      As part of the construction of the Project during construction of the site work, CMC failed to make soil amendments in the required amounts.  CMC, therefore, did not

construct the subgrade material in conformity with drawing CG101 of the Contract. CMC's efforts to correct this defect negatively impacted CMC's ability to substantially complete its work by the date of substantial completion required by the Contract.

8. As part of construction of the Project during construction of the fluid cooler, CMC failed to install a fluid cooler structure. CMC, therefore, did not construct the fluid cooler in conformity with PR 21 of the Contract. During CMC's efforts to correct this work, CMC drained glycol onto the roof and ultimately into the ground. CMC's efforts to correct this defect negatively impacted CMC's ability to substantially complete its work by the date of substantial completion required by the Contract.

9. As part of construction of the Project during construction of the infiltration basin, CMC installed the outlet pipe and the incorrect elevation. CMC, therefore, did not construct the infiltration outlet pipe in conformity with elevations outlined in detail 2 on sheet CT202 of the Contract. The State made CMC aware of this defect and CMC failed to correct it.

10. As part of construction of the Project during construction of the retaining wall adjacent to the loading dock, CMC improperly installed the retaining wall so that it collapsed when confronted with storm water. CMC, therefore, did not protect the wall from water during construction in conformity with specification section 31-2300 and the geotechnical report of the Contract. CMC's efforts to correct this defect negatively impacted CMC's ability to substantially complete its work by the date of substantial completion required by the Contract.

11. As part of construction of the Project during construction of the new public road, CMC failed to install and open Maryknoll Drive for public use by the date required by the Contract, November 15, 2014. CMC, therefore, did not complete Maryknoll Drive in conformity

with Addendum No. 8 of the Contract. The State made CMC aware of this defect and CMC failed to correct it.

12.     As part of construction of the Project during construction of the Readiness Center, CMC failed to obtain substantial completion for the building by the deadline required by the Contract, April 14, 2016. CMC, therefore, did not complete the building in conformity with date set in the Notice to Proceed (NTP) of the Contract.

13.     As part of construction of the Project during construction of Readiness Center, CMC failed to regulate indoor air quality sufficiently to ensure proper ventilation and duct protection. CMC, therefore, did not conduct its construction in conformity with specification section 01-8129 of the Contract. The State made CMC aware of this defect and CMC failed to correct it.

14.     As part of construction of the Project during construction of the future parking lot area, CMC failed to perform soil compacting testing as required by specification section 31-2300 of the Contract. CMC's efforts to correct this defect negatively impacted CMC's ability to substantially complete its work by the date of substantial completion required by the Contract.

15.     As part of construction of the Project at the conclusion of construction activities, CMC failed to obtain and deliver to the State a complete certified survey of the as-built condition following completion of the Project as required by specification section 01-7123 of the Contract. The State made CMC aware of this defect and CMC failed to correct it.

16.     As part of construction of the Project during construction of Readiness Center, CMC failed to construct cage partitions to the correct elevation as required by sheet A101 of the Contract. CMC's efforts to correct this defect negatively impacted CMC's ability to substantially complete its work by the date of substantial completion required by the Contract.

62-CV-18-861
Second Judicial District Court
3/19/2018 3:37 PM
Ramsey County, MN

17.     As part of construction of the Project during construction of infiltration basin and pond 1, CMC failed to construct them in the proper sequence specified in the Contract plans, including the failure to timely install temporary sediment basins, failure to wait to bring them on-line until after soil stabilization and plant establishment.  CMC, therefore, did not construct the infiltration basin and pond 1 in conformity with Sequence of Construction Notes on sheets CE100 and CE101 of the Contract.  The State made CMC aware of this defect and CMC failed to correct it, which negatively impacted CMC's ability to substantially complete its work by the date of substantial completion required by the Contract.

19.     As part of construction of the Project during construction of the Readiness Center, CMC failed to install windows properly so that modifications to the design were required.  CMC, therefore, did not install the windows in conformity with details on sheet A500 of the Drawings.  CMC's efforts to correct this defect negatively impacted CMC's ability to substantially complete its work by the date of substantial completion required by the Contract.

20.     As part of construction of the Project during construction of the Readiness Center, CMC failed to prevent water from collecting within the building footprint, which resulted in excessive moisture in building material and subgrade material.  CMC, therefore, did not construct the armory building in conformity with specification section 31-2300, 3.01 D of the Contract.  CMC's efforts to correct this defect negatively impacted CMC's ability to substantially complete its work by the date of substantial completion required by the Contract.

21.     As part of construction of the Project during construction of Readiness Center, CMC failed to install the proper meter for domestic water service, as required by specification section 23-0519 of the Contract.  The State made CMC aware of this defect and CMC failed to correct it.

8

22.     As part of construction of the Project during construction of the Readiness Center, CMC failed to comply with necessary safety standards so that Xcel Energy shut down CMC's construction of the Project at the time of initial power connection.  CMC, therefore, did not construct the power connection in conformity with State Electrical Code.  CMC's efforts to correct this defect negatively impacted CMC's ability to substantially complete its work by the date of substantial completion required by the Contract.

23.     As part of construction of the Project during construction of the Readiness Center, CMC failed to implement necessary safeguards to properly dispose of paint waste.  So that paint was detected in the wetland area.  CMC, therefore, did not construct the armory building in conformity with NPDES General Permit.  The State made CMC aware of this defect and CMC failed to correct it.

24.     As part of construction of the Project during construction of the Readiness Center, CMC failed to protect the existing large oak tree as required by Sheet CD100 of the Contract.  The existing large oak tree was damaged by CMC. CMC, therefore, did not protect the oak tree in conformity with specification section 31-1200.

25.     As part of construction of the Project during construction of the Readiness Center, CMC failed to protect fire proofing overspray on numerous utilities and exposed structural steel requiring clean-up.  CMC's efforts to correct this defect negatively impacted CMC's ability to substantially complete its work by the date of substantial completion required by the Contract.

26.     As part of construction of the Project during construction of the Readiness Center, CMC failed to install paint on overhead door jambs requiring the Architect to read the drawings to CMC as outlined in RFI 376.  CMC's efforts to correct this defect negatively impacted CMC's

9

ability to substantially complete its work by the date of substantial completion required by the Contract.

27.    As part of construction of the Project during construction of the Readiness Center, CMC continued to submit erroneous pay applications. CMC required an atypically high number of pay application corrections, which required the Architect provide additional work.

28.    As part of construction of the Project during construction of the Readiness Center, CMC failed to employ a competent superintendent in accordance with AIA A201 3.9. The State made CMC aware of this defect and CMC failed to correct it.

29.    As part of construction of the Project during construction of the Readiness Center, CMC consistently failed to provide a recovery schedule in accordance with AIA A201 3.10.6. The State made CMC aware of this defect and CMC failed to correct it.

30.    As part of construction of the Project during construction of the Readiness Center, CMC failed to supply multiple heat pumps in accordance with the bid documents. This issue is a violation of AIA A201 3.12.6. The State made CMC aware of this defect and CMC failed to correct it.

31.    As part of construction of the Project during construction of the Readiness Center, CMC failed to sequence the installation of the precast column in room 201, which created multiple complications and ultimately down-grading final product. The State made CMC aware of this defect and CMC failed to correct it.

32.    As part of construction of the Project during construction of the Readiness Center, CMC failed to modify the SWPPP or notify owner to correct deficiencies in design or BMP performance in accordance with Section III.B. of the MN R100001 Minnesota General Permit for Construction Activity. CMC's efforts to correct this defect negatively impacted CMC's

ability to substantially complete its work by the date of substantial completion required by the Contract.

33.     As part of construction of the Project during construction of the Readiness Center, CMC failed to construct and manage temporary basins in accordance with Section III.C. of MN R100001 Minnesota General Permit for Construction Activity.  CMC's efforts to correct this defect negatively impacted CMC's ability to substantially complete its work by the date of substantial completion required by the Contract.

34.     As part of construction of the Project during construction of the Readiness Center, CMC failed to follow construction documents regarding the construction and management of the permanent stormwater system in accordance with Section III.D MN R100001 Minnesota General Permit for Construction Activity.  CMC's efforts to correct this defect negatively impacted CMC's ability to substantially complete its work by the date of substantial completion required by the Contract.

35.     As part of construction of the Project during construction of the Readiness Center, CMC failed to retain the Stormwater Pollution Prevention Plan or SWPPP onsite during construction in accordance with Section III.E. of MN R100001 Minnesota General Permit for Construction Activity.  CMC's efforts to correct this defect negatively impacted CMC's ability to substantially complete its work by the date of substantial completion required by the Contract.

36.     As part of construction of the Project during construction of the Readiness Center, CMC failed obtain necessary Training Requirements:  A certified/trained operator was not available onsite during construction in accordance with Section III.F. of MN R100001 Minnesota General Permit for Construction Activity.  The State made CMC aware of this defect and CMC

62-CV-18-961
Filed in Second Judicial District Court
3/19/2018 3:37 PM
Ramsey County, MN

did correct it by obtaining training later in construction but not without affecting the date of substantial completion required by the Contract.

    37.    As part of construction of the Project during construction of the Readiness Center, CMC failed to adhere to Parts IV of MN R100001 Minnesota General Permit for Construction Activity. Numerous violations and substandard performance indicators regarding erosion/sediment control were documented. Dewatering practices resulted in nuisance conditions onsite and compromised construction activity. Inspections were insufficient, failing to include necessary information or follow required timelines for correction. CMC's failure to diligently follow Pollution Prevention measures resulted in isolated incidents, including spill management and concrete washout violations. CMC's efforts to correct this defect negatively impacted CMC's ability to substantially complete its work by the date of substantial completion required by the Contract.

    38.    The parties did not enter into an amendment or otherwise agree to alter the contractual date for substantial completion, April 14, 2016. CMC achieved substantial completion on December 19, 2016. Liquidated damages accrued at $300 per day from the contractual date for substantial completion, April 14, 2016, through the date of actual substantial completion, December 19, 2016, which is approximately 247 days. To date, CMC has not achieved final completion.

## COUNT I - DECLARATORY JUDGMENT

    39.    The State hereby incorporates the allegations of paragraphs 1 through 8 of the counterclaims and restates them herein by reference.

    40.    The State hereby requests judgment pursuant to Minn. Stat. § 555.01, et seq., declaring that: (1) until the work contemplated by the contract is finished, CMC has no right to

Second Judicial District Court
3/19/2018 3:37 PM
Ramsey County, MN

recover any additional payment; (2) when the work is completed, CMC's sole right to compensation is the amount by which the costs to the State to complete the work is lower than the Contract Sum, if it is lower; (3) when the work is completed, the State is entitled to recover from CMC the amount by which the sum of costs exceeds the Contract Sum, if it does exceed the Contract Sum; and (4) the State is entitled to recover liquidated damages from CMC at the rate of $300 per day from the contract substantial completion date through the actual substantial completion date of December 19, 2016.

## COUNT II - BREACH OF CONTRACT

41.     The State hereby incorporates the allegations of paragraphs 1 through 40 of the counterclaim and restates them herein by reference.

42.     CMC breached multiple material provisions of the Contract.

43.     CMC's breaches of the Contract directly and proximately caused damages to the State.

44.     The State is entitled to recover damages for CMC's breaches of the Contract in an amount in excess of $50,000, which amount will be determined at trial.

WHEREFORE, the State requests the judgment and decree of this Court as follows:

1.     Dismiss all purported claims of CMC against the State with prejudice and on the merits.

2.     Declare pursuant to Minn. Stat. ch. 555 that, by the surviving terms of the contract, the State retains the right to recover from CMC any costs and expenses incurred in completing the work anticipated by the contract in excess of the contract amount.

13

3.   Declare pursuant to Minn. Stat. ch. 555 that, the State is entitled to recover liquidated damages from CMC at the rate of $300 per day from the contract substantial completion date through the actual substantial completion date of December 19, 2016.

4.   Award the State judgment against CMC in an amount to be determined at trial in excess of $50,000.00.

5.   Award the State judgment against CMC in an amount equal to the sum of its costs and disbursements incurred in this lawsuit, including but not limited to fees and charges of Attorneys, other professionals, and court costs.

6.   Award the State such other and further relief in its favor as the Court deems just and equitable.

Dated: 03-19-2018                        OFFICE OF THE ATTORNEY GENERAL
                                         State of Minnesota


                                         /s/Jeffery S. Thompson
                                         JEFFERY S. THOMPSON
                                         Assistant Attorney General
                                         Atty. Reg. No. 027107X

                                         445 Minnesota Street, Suite 1800
                                         St. Paul, Minnesota 55101-2134
                                         (651) 757-1312 (Voice)
                                         (651) 282-2525 (TTY)

                                         ATTORNEY FOR DEFENDANT-
                                         RESPONDENT STATE OF MINNESOTA,
                                         DEPARTMENT OF TRANSPORTATION

## MINN. STAT. § 549.211
## ACKNOWLEDGMENT

The party or parties on whose behalf the attached document is served acknowledge through their undersigned counsel that sanctions may be imposed pursuant to Minn. Stat. § 549.211 (2014).

Dated: 03-19-2018

/s/Jeffery S. Thompson
JEFFERY S. THOMPSON
Assistant Attorney General
Atty. Reg. No. 027107X